APPEAL,CLOSED,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:12−cv−02029−UNA
*Internal Use Only*

| | |
|---|---|
| STEBBINS v. UNITED STATES OF AMERICA<br>Assigned to: Unassigned<br>Case in other court:  USCA, 13−05016<br>Cause: 42:1983 Civil Rights Act | Date Filed: 12/18/2012<br>Date Terminated: 12/18/2012<br>Jury Demand: None<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**DAVID STEBBINS**   represented by   **DAVID STEBBINS**
8527 Hopewell Road
Harrison, AZ 72601
PRO SE

V.

**Defendant**

**UNITED STATES OF AMERICA**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/18/2012 | 1 | | COMPLAINT against UNITED STATES OF AMERICA filed by DAVID STEBBINS. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(md, ) (Entered: 12/19/2012) |
| 12/18/2012 | | | SUMMONS Not Issued as to UNITED STATES OF AMERICA (md, ) (Entered: 12/19/2012) |
| 12/18/2012 | 2 | | MOTION for Leave to Proceed in forma pauperis by DAVID STEBBINS (md, ) (Entered: 12/19/2012) |
| 12/18/2012 | 3 | | MEMORANDUM AND OPINION Signed by Judge Richard J. Leon on 12/13/2012. (md, ) (Entered: 12/19/2012) |
| 12/18/2012 | 4 | | ORDER DISMISSING this case with prejudice. ORDERED that the application of the plaintiff to proceed in forma pauperis [Dkt. # 2] is GRANTED. This is a final appealable Order. Signed by Judge Richard J. Leon on 12/13/2012. (md, ) (Entered: 12/19/2012) |
| 01/10/2013 | 5 | 5 | MOTION for Reconsideration by DAVID STEBBINS (ls, ) (Entered: 01/11/2013) |
| 01/10/2013 | 6 | | NOTICE OF APPEAL as to 4 Order Dismissing Pro Se Case by DAVID STEBBINS. Fee Status: No fee paid. Parties have been notified. (ls, ) (Entered: 01/14/2013) |

| | | | |
|---|---|---|---|
| 01/14/2013 | 7 | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Fee was not paid because it was filed In Forma Pauperis re 6 Notice of Appeal. (ls, ) (Entered: 01/14/2013) |
| 01/17/2013 | | | USCA Case Number 13–5016 for 6 Notice of Appeal filed by DAVID STEBBINS. (ls, ) (Entered: 01/17/2013) |
| 01/22/2013 | 8 | | ORDER of USCA as to 6 Notice of Appeal filed by DAVID STEBBINS ; USCA Case Number 13–5016. It is ORDERED, on the court's own motion, that this case be held in abeyance pending the district court's resolution of the pending post– judgment motion for reconsideration. The Clerk is directed to transmit a copy of this order to the district court. The district court is requested to notify this court promptly upon the conclusion of its proceedings. (kb) (Entered: 01/23/2013) |
| 03/19/2013 | 9 | 3 | ORDERED that plaintiff's 5 Motion for Reconsideration is DENIED. Signed by Judge Robert L. Wilkins on 3/13/2013. (ls, ) (Entered: 03/19/2013) |

FILED
MAR 19 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Stebbins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-2029 (UNA) |
| ) | |
| United States, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff moves for reconsideration of the Order filed December 18, 2012, dismissing this action for lack of subject matter jurisdiction. Motions to reconsider final orders need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Plaintiff states that his complaint dismissed under the Federal Tort Claims Act should have been treated also as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Mot. for Reconsideration or, in the Alternative, for Leave to File Amended Complaint at 1-2. The Supreme Court in *Bivens* "recognized for the first time an implied private action for damages against federal officers [in their personal capacity] alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has "unanimously declined an invitation to extend *Bivens* to permit suit against a federal agency" and, hence, the United States. *Id.* at 69 (citation omitted). Plaintiff has stated no reason for vacating the dismissal order to permit consideration of a doomed *Bivens* claim. Accordingly, it is this 13th day of March 2013,

1

ORDERED that plaintiff's motion for reconsideration [Dkt. # 5] is DENIED. The Clerk is directed to transmit this order immediately to the appellate court.

*Robert L. Wilkins*
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**FILED JAN 10 2013**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**DAVID STEBBINS**                                                    **PLAINTIFF**

VS.                                    CASE NO. 12-2029

**UNITED STATES**                                                    **DEFENDANT**

### MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE
### FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for reconsideration of dismissal.

I have sent this Court this motion before, but the clerks "claim" that they never received it. Therefore, I am sending this again, this time with a tracking number.

This Court opted to dismiss the action because "The FTCA does not apply to the instant complaint arising out of the decisions of a federal court."

I have, indeed, found, via legal research, that the FTCA does not apply to functions that are exclusively governmental in nature. However, the Federal Tort Claims Act was not the only cause of action spoken of in the complaint. The first paragraph of the complaint states that it is a an FTCA/Bivens action. In other words, it is just as much a Bivens Action as it is an FTCA claim. Failure of the FTCA claim should still keep the Bivens Action alive.

Bivens actions not only can, but must, relate to actions that are exclusively governmental in nature, as it concerns constitutional violations. I have stated a valid claim upon which relief can be granted when I alleged that the CFC Clerks Office has violated my due process right to appeal. Since the law is clearly established, qualified immunity does not protect the Defendant; therefore, "consent" to suit is irrelevant.

Furthermore, this is not a "decision of a federal court." It is omission of a Court *Clerk*.


RECEIVED
Mail Room
JAN 10 2013
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

There is a *big* difference.

Even if I did not specifically state that it is a "Bivens action," the Court should have accepted as such, anyway, because I am *pro se*. See

I ask that the Court re-open the case and allow it to proceed.

If the Court is unwilling to do this, it should explain what I did wrong and allow me to fix the mistake in an amended complaint.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

**DAVID STEBBINS**                                                              **PLAINTIFF**

**VS.**                         **CASE NO. 12-2029**

**UNITED STATES**                                              **DEFENDANT**

### NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby re-submits[1] the following Notice of Appeal, pending disposition of my Motion for Reconsideration.

The District Court erred in dismissing the complaint for the reasons stated in the Motion for Reconsideration.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

---

[1] I sent this before, but the Clerks "claim" that they did not receive it.