UNITED STATES COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

**DAVID STEBBINS**                                                              **APPELLANT**

**VS.**                              **CASE NO. 13-5016**

**UNITED STATES**                                               **APPELLEE**

<u>**APPELLANT BRIEFING**</u>

| Section | Page(s) |
|---|---|
| 1. TABLE OF CONTENTS | 1 |
| 2. TABLE OF AUTHORITIES | 2 |
| 3. JURISDICTIONAL STATEMENT | 3 |
| 4. STATEMENT OF ISSUES | 3 |
| 5. STATEMENT OF THE CASE | 4 |
| 6. SUMMARY OF ARGUMENT | 5 |
| 7. ARGUMENT | 6 |
|     (a) No immunity for ministerial acts. | 6 |
|     (b) Sufficient violation alleged; no qualified immunity | 7 |
| 8. STANDARD OF REVIEW | 9 |
| 9. CONCLUSION | 9 |

# TABLE OF AUTHORITIES

| **Statutes & Rules** | **Page** |
|---|---|
| 28 USC § 1291 | 3 |
| 28 USC § 2674 | 3 |
| Fed. R. App. P. 4(a)(1)(B) | 3 |

| **Case Law** | **Page** |
|---|---|
| *Antoine v. Byers & Anderson, Inc.*, 508 US 429 (1993) | 6,7 |
| *Bivens v. Six Unknown Named Federal* Agents, 403 U.S. 388 (1971) | 3 |
| *Carter v. Carlson*, 447 F. 2d 358,360 (D.C. Cir. 1971) | 8 |
| *Henriksen v. Bentley*, 644 F. 2d 852, 854 (10th Cir. 1981) | 8 |
| *Le Grand v. Evan*, 702 F. 2D 415, 418 (2nd Cir. 1983) | 8 |
| *McCray v. State of Maryland*, 456 F.2d 1 (1972) | 4,7,8 |
| *Sindram v. Suda*, 986 F. 2d 1459 (D.C. Cir. 1993) | 7 |
| *Williams v. Wood*, 612 F. 2D 982 (5th Cir. 1980) | 8 |

# JURISDICTIONAL STATEMENT

For the reasons set forth below, this Court has jurisdiction over this appeal.

### Basis for District Court's Jurisdiction.

The United States District Court for the District of Columbia had jurisdiction over the underlying dispute, pursuant to 28 USC § 2674, as well as the case of *Bivens v. Six Unknown Named Federal* Agents, 403 U.S. 388 (1971).

### Basis for Court of Appeals' Jurisdiction.

This Court has jurisdiction to hear this appeal, pursuant to 28 USC § 1291.

### Timeliness of appeal

Appellant had up to sixty (60) days to file this appeal. See Fed. R. App. P. 4(a)(1)(B). The District Court Order dismissing the case was entered on December 18, 2012. Therefore, Appellant had until February 16, 2013 to file his appeal. The Notice of Appeal was filed with the District Court on January 10, 2013. Therefore, this appeal is timely.

### Finality of judgment

This appeal is being brought of a final order.

# STATEMENT OF ISSUES

Was the United States immune from suit for all relief for its clerk failing to perform the purely ministerial act of filing a technically perfect appeal?

## STATEMENT OF THE CASE

1.  Appellant filed two *pro se* lawsuits in the United States Court of Federal Claims, alleging that some federal judges acted in the clear absense of all jurisdiction and in a non-judicial capacity, costing Appellant the cases in which those actions took place. The first was Case No. 12-289, and the other was Case No. 12-296. Both cases were summarily dismissed pursuant to FRCP 12(b).

2.  Appellant filed two technically perfect notices of appeal, one for each case, and the CFC sent him back a stapled stack of blank sheets of paper, saying that they would not docket anything. They even sent it to the wrong address (possibly so that Appellant would hopefully not find out about the situation until it was too late).

3.  Appellant, once he was made aware of the situation, proceeded to file another suit against the United States, this time in the U.S. District Court for the District of Columbia, alleging a similar cause of action to that shown in the case of McCray v. State of Maryland, 456 F.2d 1 (1972).

4.  The District Court proceeded to dismiss the lawsuit with prejudice, holding that the United States was immune from suit.

5.  This timely appeal ensued.

## SUMMARY OF ARGUMENT

1.　First of all, the United States is liable to Appellant to the same extent a private entity would be liable in similar circumstances. In other words, if any normal person would be liable to Appellant if their willful and deliberate refusal to file papers when it was their duty to so had proximately caused Appellant the loss of his case, then so too is the United States.

2.　Second, the failure to file a technically perfect notice of appeal is a clear constitutional violation. It is the duty of the judiciary to issue remedies and rectifications for ALL constitutional violations.

3.　The Court should only dismiss an action for failure to state a claim if there exists no possible remedy or relief that can ever be afforded the Plaintiff.

# ARGUMENT

For all of the foregoing reasons, the decision of the District Court dismissing the case with prejudice should be reversed.

### There is no immunity for purely ministerial acts.

1.  The District Court held the Clerk – and, by proxy, the United States – immune from suit. The District Court did not merely state that the Defendants were immune from *damages*; rather, by dismissing the case in its entirety, the District Court held that the immunity was absolute, even from injunctive relief.

2.  This decision, however, is done in complete disregard to binding precedent. The case of *Antoine v. Byers & Anderson, Inc.*, 508 US 429 (1993) plainly states that there is no absolute immunity for purely ministerial acts (such as the filing of technically perfect notices of appeal).

> "Even had common-law judges performed the functions of a court reporter, that would not end the immunity inquiry. It would still remain to consider whether judges, when performing that function, were themselves entitled to absolute immunity. We do not doubt that judicial notetaking as it is commonly practiced is protected by absolute immunity, because it involves the kind of discretionary decisionmaking that the doctrine of judicial immunity is designed to protect. But if we could imagine a hypothetical case in which a common-law judge felt himself bound to transcribe an entire proceeding verbatim, it is far less clear—and neither respondent refers us to any case law suggesting—that this administrative duty would be similarly protected. Indeed, we have recently held that judges are not entitled to absolute immunity when acting in their administrative capacity.
>
> We are also unpersuaded by the contention that our 'functional approach' to immunity requires that absolute immunity be extended to court reporters because they are 'part of the judicial function.' The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. Accordingly, the 'touchstone' for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges — that is, because they, too, exercise a discretionary judgment as a part of their function." See *id* at 435 – 436 (citations and quotations omitted).

3.  This Court has ruled, in the case of *Sindram v. Suda*, 986 F. 2d 1459 (D.C. Cir. 1993):

    "Although this circuit has never addressed the question, we now adopt the holding of numerous other circuits that clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process. These courts have concluded that the same policies underlying immunity for judges also justify a similar grant to those performing tasks intimately related to the judicial process. Suits against clerks for damages, like those against judges, are generally not necessary to control unconstitutional conduct in light of the numerous safeguards that are built into the judicial process, especially the correctability of error on appeal. Furthermore, if immunity were not extended to clerks, courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." See *id* at 1460-1461 (internal citations and quotations omitted).

4.  Although Appellant can certainly understand why the courts would be apprehensive about such a risk, the case of *Antoine v. Byers & Anderson* – which was passed precisely two weeks after Sindram was published[1] - simply disagreed with this Court.  It is the Supreme Court's decision which takes precedence over the conflicting decisions of this court.

5.  Just on this matter alone, the District Court's decision should be reversed.

### Appellant has sufficiently alleged a constitutional violation.

6.  As for whether Appellant has stated a claim upon which relief can be granted, Appellant cites the persuasive precedent of *McCray v. State of Maryland*, 456 F. 2d 1 (4th Cir. 1972).

    "If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded pro se pleadings, it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983." See *id* at p.6.

7.  That precedent does indeed state the prerequisite "[i]f plaintiff's allegations are true." This

---

1  *Sindram* was published on March 16, 1993, while *Antoine* was published on March 30, 1993, precisely 14 days apart from each other.

is, indeed, a big prerequisite. However, "[f]or the purpose of testing the sufficiency of the complaint, the court must of course accept the allegations as true." See *Carter v. Carlson*, 447 F. 2d 358, 360 (D.C. Cir. 1971). The Court is not required to accept the allegations as true when at trial, but it must accept the allegations as true to the extent needed to present the plaintiff with a fair opportunity to prove them.

8. In addition to McCray v. State of Maryland, see the following persuasive precedents:

   (a) *Le Grand v. Evan*, 702 F. 2D 415, 418 (2nd Cir. 1983) ("The refusal of a clerk of a court to accept the papers of a litigant seeking to commence an action under a state statute may deprive that litigant of federal constitutional rights").

   (b) *Henriksen v. Bentley*, 644 F. 2d 852, 854 (10th Cir. 1981) ("Denial of access to the courts violates a recognized constitutional right, and conceivably could be the basis of a suit pursuant to 42 U.S.C. § 1983. Thus, actions which prevent an individual from communicating with a court could constitute denial of access to the court."

   (c) *Williams v. Wood*, 612 F. 2D 982 (5th Cir. 1980)

   "A deputy clerk of a federal district court allegedly failed to notify appellant of the entry of final judgment and thereby prevented him from appealing it. His ensuing action against the deputy clerk was dismissed by the district court on the basis of absolute immunity. We reverse and remand." See *id* at 984.

   Also ...

   "[The Plaintiff] charges that [the Defendants] acted in bad faith and with malice. [The Defendants], of course, disagree with these allegations. [The Plaintiff] has, however, alleged facts that, if true, would overcome [the Defendants'] qualified immunity and would justify relief. We do not reflect any view as to the verity of his allegations." See *id* at 986.

9. Therefore, the Defendants are not even so much as protected by *qualified* immunity, let alone *absolute* immunity. Therefore, the order of the District Court dismissing this case with prejudice must be reversed A.S.A.P.

**STANDARD OF REVIEW**

Since the District Court's dismissal was based entirely on the issue of sovereign immunity, that means that the issue is reviewable *de novo*. See *McKesson Corp. v. Islamic Republic of Iran*, 672 F. 3d 1066, 1073 (DC Cir. 2012).

**CONCLUSION**

Wherefore, premises considered, Appellant respectfully requests that the District Court's order be reversed and the case remanded with instructions to try the case on the merits.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
(870) 204 – 6516
stebbinsd@yahoo.com